**CITIFINANCIAL, INC.,
et al. Plaintiffs**

v.

**Grady LIPKIN and Sally
Lipkin Defendants**

**No. 1:00CV340–D–D.**

United States District Court,
N.D. Mississippi,
Eastern Division.

Nov. 21, 2000.

Stephen E. Gardner, Young Williams Henderson & Fuselier, Jackson, MS, Walter D. Willson, Wells Marble & Hurst, PLLC, Jackson, MS, for Plaintiffs.

Robert Bryan Ogletree, Cofer & Ogletree, P.A., Jackson, for Defendant.

## OPINION

DAVIDSON, Chief Judge.

Presently before the court is the Plaintiffs' petition seeking an order compelling

arbitration pursuant to Section 4 of the Federal Arbitration Act, 9 U.S.C. § 4 (1999), and to stay a state court proceeding brought in Noxubee County, Mississippi, by the Defendants against the Plaintiffs. Upon due consideration, the court finds that the petition should be granted. In accordance with the parties' contract, the Defendants' claims shall be submitted to arbitration, and the proceedings currently pending in the Circuit Court of Noxubee County shall be stayed pending arbitration.

*A. Factual and Procedural Background*

On July 16, 1998, the Defendants, Grady and Sally Lipkin, obtained a consumer loan from the Plaintiff, CitiFinancial. At the time the Lipkins obtained the loan, they and CitiFinancial executed a four page document entitled "Disclosure Statement, Note and Security Agreement" (the Agreement). The Agreement contains an arbitration clause requiring the parties to submit all claims they may have against each other to binding arbitration.

Despite the parties' Agreement, the Lipkins commenced an action in the Circuit Court of Noxubee County, Mississippi, on August 31, 2000, seeking monetary damages for, *inter alia,* fraudulent misrepresentation in connection with the Agreement. Then, on September 27, 2000, CitiFinancial filed a petition in this court, pursuant to the Federal Arbitration Act, seeking an order compelling arbitration, and to stay the state court proceedings pending arbitration.

*B. Discussion*

1. The Agreement's Arbitration Clause

The Federal Arbitration Act, 9 U.S.C. §§ 1–16 (1999) (FAA), provides that a written provision in a contract that evidences a transaction involving commerce, to settle by arbitration a controversy arising out of that contract, is valid, irrevoca-

ble, and enforceable. 9 U.S.C. § 2 (1999). Section 4 of the FAA specifically contemplates that parties, such as CitiFinancial, that are aggrieved by another party's failure to arbitrate under a written agreement, may file an original petition in a United States District Court to compel that party to arbitrate their claims. 9 U.S.C. § 4 (1999). Further, the FAA expresses a strong national policy in favor of arbitration, and any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. *Southland Corp. v. Keating,* 465 U.S. 1, 10, 104 S.Ct. 852, 857, 79 L.Ed.2d 1 (1983); *Mouton v. Metropolitan Life Ins. Co.,* 147 F.3d 453, 456 (5th Cir.1998).

The Fifth Circuit has directed that courts are to perform a two-step inquiry to determine whether parties should be compelled to arbitrate a dispute. *R.M. Perez & Assocs., Inc. v. Welch,* 960 F.2d 534, 538 (5th Cir.1992). First, the court must determine whether the parties agreed to arbitrate the dispute. Once the court finds that the parties agreed to arbitrate, it must then consider whether any federal statute or policy renders the claims nonarbitrable. *R.M. Perez,* 960 F.2d at 538. A party seeking to avoid arbitration must allege and prove that the arbitration clause itself was a product of fraud or coercion; alternatively, that party can allege and prove that another ground exists at law or in equity that would allow the contract to be revoked. *Reisfeld & Son Import Co. v. S.A. Eteco,* 530 F.2d 679, 680–81 (5th Cir.1976).

The parties do not dispute that their Agreement contains the following mandatory arbitration clause, which this court specifically enforced in a previous case:

[A]ny claim, except those specified below in this Provision, shall be resolved by binding arbitration in accordance with (i) the Federal Arbitration Act; (ii) the Ex-

pedited Procedures of the Commercial Arbitration Rules of the American Arbitration Association ("Administrator"); and (iii) this Provision, unless we both agree in writing to forgo arbitration.... The arbitration shall be conducted in the county of Your residence, unless all parties agree to another location.

Agreement, p. 3; *see Stegall v. Commercial Credit Corp. of Mississippi*, No. 1:98CV315–D–A (February 11, 1999) (order granting motion to stay and compelling arbitration).

The Agreement defines "Claim" as:

[A]ny case, controversy, dispute, tort, disagreement, lawsuit, or claim now or hereafter existing between You and Us. A Claim includes, without limitation, anything that concerns:

 \*This Provision;

 \*Any past, present, or future Credit Transaction;

 \*Any past, present, or future insurance, service, or product that is offered in connection with a Credit Transaction;

 \*Any documents or instruments that contain information about any Credit Transaction, insurance, service, or product;

 \*Any act or omission by any of Us regarding any Claim.

Examples of claims that are governed by this Agreement include those involving:

 \*State insurance, usury, and lending laws; fraud or misrepresentation, including claims for failing to disclose material facts;

 \*Any other federal or state consumer protection statute or regulation.

Agreement, p. 3.

As for the first step in the court's analysis, the court finds that the parties agreed to arbitrate the Lipkins' claims. The arbitration clause is unambiguous, sufficiently broad to cover the claims, and susceptible to only one interpretation—that the parties intended to settle, through arbitration, the claims the Lipkins have raised. None of the claims fall outside the scope of the arbitration clause.

As for the second step in the court's analysis, the Lipkins argue that the claims are nonarbitrable for several reasons, including (i) lack of federal diversity jurisdiction due to CitiFinancial's failure to join indispensable parties under Rule 19 of the Federal Rules of Civil Procedure; (ii) abstention pursuant to *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976); (iii) the Agreement was procured through a pattern and practice of fraud; (iv) the FAA is reverse-preempted by the McCarran–Ferguson Insurance Regulation Act, 15 U.S.C. §§ 1011–1015 (1999); (v) the arbitration clause is unconscionable; and (vi) the court's entry of an order compelling arbitration and staying the pending state court proceedings would violate the Anti–Injunction Act, 28 U.S.C. § 2283 (2000). For the foregoing reasons, the court finds that all of the Lipkins' arguments are misplaced.

### 2. Rule 19 Joinder of Indispensable Parties

■ The FAA does not create an independent basis for federal subject matter jurisdiction. Even though the FAA expressly authorizes the filing of petitions to compel arbitration in federal district courts, it does not confer subject matter jurisdiction. *Southland Corp.*, 465 U.S. at 16, 104 S.Ct. 852. Thus, an independent basis for federal jurisdiction, such as diversity of citizenship, is required before the court may entertain petitions under the FAA. *Id.* Here, CitiFinancial asserts that the court has jurisdiction pursuant to the

diversity statute, 28 U.S.C. § 1332, because complete diversity exists and the minimum jurisdictional amount has been met.

The Lipkins argue that CitiFinancial's failure in this action to join Commercial Credit of Mississippi, Inc., CitiFinancial of Mississippi, Inc., and Martha Moore, all Mississippi residents, renders this court without subject matter jurisdiction to rule on CitiFinancial's petition. The Fifth Circuit Court of Appeals has held, however, that non-diverse parties joined as alleged joint tortfeasors in a state court action are not indispensable parties in a diversity-based petition to compel arbitration, such that the petition should be dismissed under Rule 19. *Snap–On Tools Corp. v. Mason*, 18 F.3d 1261, 1266–67 (5th Cir.1994). As such, the court finds that the Mississippi residents listed above are not indispensable parties to this action. Further, the court finds that complete diversity between the parties to this action does exist, and the minimum jurisdictional amount has been met. As such, the court possesses subject matter jurisdiction in this cause.

### 3. Abstention

The Lipkins next argue that the court should abstain from hearing this action pursuant to the abstention doctrine of *Colorado River.* In *Colorado River,* the Supreme Court held that, in certain limited and exceptional circumstances, federal courts may dismiss federal suits in favor of concurrent state court actions due to "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Colorado River,* 424 U.S. at 817, 96 S.Ct. 1236. The Court noted, however, that "the circumstances permitting the dismissal of a federal suit due to the presence of a concurrent state proceeding ... are considerably more limited than the circumstances appropriate for [other types of] abstention." *Id.* at 818, 96 S.Ct. 1236. Further, the Court noted that the pendency of an action in state court is no bar to proceedings concerning the same matter in a federal court having jurisdiction, and the federal courts have a "virtually unflagging obligation ... to exercise the jurisdiction given them." *Id.* at 817, 96 S.Ct. 1236.

Specifically, the Supreme Court, in clarifying *Colorado River,* has held that district courts may not abstain from hearing petitions to compel arbitration in deference to an underlying state-court lawsuit, absent compelling circumstances not present in this case. *Moses H. Cone Mem. Hosp. v. Mercury Constr. Co.,* 460 U.S. 1, 19–25, 103 S.Ct. 927, 938–41, 74 L.Ed.2d 765 (1983); *see Snap–On Tools,* 18 F.3d at 1268 ("*Moses H. Cone* makes clear that, ... in most cases, a 'liberal federal policy favoring arbitration' prevails, and abstention is unwarranted."). As such, the court declines to abstain in this cause.

### 4. Fraud and Unconscionability

The Lipkins assert that the arbitration clause is unenforceable because the consumer loan contract at issue is unconscionable and was procured through a pattern and practice of fraud. Although they do not specify exactly which facts were fraudulently misrepresented, the Lipkins do specifically claim that the consumer loan contract as a whole, as opposed to the specific arbitration clause itself, was procured by fraud and is unconscionable.

Under *Prima Paint Corp. v. Flood & Conklin Mfg. Co.,* 388 U.S. 395, 403–04, 87 S.Ct. 1801, 1805–06, 18 L.Ed.2d 1270 (1967), a claim of fraud or unconscionability directed to the making of a contract as a

whole does not affect the enforcement of an arbitration agreement contained in the contract. Such claims are for the arbitrator—not the court—to decide. *Rojas v. TK Communications*, 87 F.3d 745, 749 (5th Cir.1996); *see R.M. Perez*, 960 F.2d at 538 ("Only if the allegation of fraud goes specifically to the making of the agreement to arbitrate must a district court address the merits of the fraud claim. The district court does not address claims of fraud in the inducement of the contract generally."). Because the Lipkins' claims of fraud and unconscionability go generally to the making of the entire Agreement, and not specifically to the arbitration clause, the court finds that these claims must be sent to arbitration along with the rest of the claims.

### 5. Reverse Preemption and the McCarran–Ferguson Insurance Regulation Act

The Lipkins' next assertion is that the FAA is reverse-preempted by the McCarran–Ferguson Insurance Regulation Act, 15 U.S.C. §§ 1011–1015 (1999) (the Act), so as to make the parties' arbitration clause unenforceable. The Act is designed to clear the way for state laws regulating the "business of insurance" by displacing any federal law that conflicts with such state laws. But the Act applies only in "the narrow range of cases involving state regulation of the insurance industry, [and] permits a state law to reverse preempt a federal statute only if: (i) the federal statute does not specifically relate to the "business of insurance;" (ii) the state law was enacted for the "purpose of regulating the business of insurance;" and (iii) the federal statute operates to "invalidate, impair, or supersede" the state law. *Munich Am. Reinsurance Co. v. Crawford*, 141 F.3d 585, 590 (5th Cir.1998).

The Lipkins' reverse preemption argument fails primarily because this case is not about the business of insurance, and is not a case involving state regulation of the insurance industry. Most, if not all, of the Lipkins' factual contentions and legal theories instead relate to various allegedly wrongful lending practices. While some of the challenged lending practices involve insurance, the Fifth Circuit has made clear that a transaction does not implicate the business of insurance simply because an insurance policy is tangentially involved. *Cochran v. Paco, Inc.*, 606 F.2d 460, 467 (5th Cir.1979); *Perry v. Fidelity Union Life Ins. Co.*, 606 F.2d 468, 470–71 (5th Cir.1979); *Federal Trade Comm'n v. Dixie Fin. Co.*, 695 F.2d 926, 931 (5th Cir.1983).

■ Because the basic premise of the Lipkins' state court suit is that CitiFinancial, as a lender, acted improperly by padding the Lipkins' loan with unnecessary insurance charges, the court finds that these claims allege wrongdoing primarily in the loan transaction, and concern the relationship between the lender, CitiFinancial, and the borrowers, the Lipkins. The Lipkins' relationship with the insurers is involved only tangentially at best, as none of the Lipkins claims relate to "the type of policy which could be issued, its reliability, interpretation, or enforcement"—the touchstones of the Act's coverage. *See Cochran*, 606 F.2d at 466. Indeed, the Lipkins do not appear to have a problem with the specific insurance policies that were issued; instead, their claim is that CitiFinancial improperly required the purchase of those insurance policies. For this reason, and because the state statutes cited by the Lipkins do not concern the business of insurance, the court finds that reverse-preemption pursuant to the McCarran–Ferguson Insurance Regulation Act is inapplicable in this case.

6. Stay of State Court Proceedings

Finally, the Lipkins contend that this court's issuance of a stay of the proceedings currently pending in Circuit Court in Noxubee County, Mississippi, would violate the Anti–Injunction Act, 28 U.S.C. § 2283.

The Anti–Injunction Act states that:

A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C. § 2283 (2000).

The court finds that in the particular circumstances of this case, a stay is required to protect or effectuate the court's judgment and order that the controversy between the parties be submitted to arbitration. The state proceeding has proceeded no further than the filing of the parties' initial pleadings, and had only been pending about a month when CitiFinancial filed its petition to compel arbitration with this court. The court further finds that the policies embodied in the FAA militate against having ongoing state proceedings at the very time those same claims are the subject of arbitration proceedings.

In sum, the court concludes that the principle of judicial economy, the strong judicial policy favoring arbitration expressed by the Supreme Court, the plain language of the Anti–Injunction Act, and the policies embodied in the FAA warrant, and even require, a stay of the Noxubee County action.

For the above stated reasons, the Plaintiffs' petition is granted, and the Lipkins' state law claims are stayed.

A separate order in accordance with this opinion shall issue this day.

*ORDER*

Pursuant to an opinion issued this day, it is hereby ORDERED that

(1) the Plaintiffs' petition seeking an order compelling arbitration is GRANTED;

(2) the Defendants shall submit their claims to arbitration, in accordance with the parties' contract;

(3) all proceedings in the case of *Brewer, et al. v. CitiFinancial of Mississippi, et al.*, Civil Action No.2000–117, Circuit Court of Noxubee County, Mississippi, are hereby STAYED; and

(4) this case is CLOSED.